IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR467 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| ROCKIE SAMUEL CHANDLER, III, | ) | UNITED STATES' SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Assistant United States Attorney, Danielle K. Angeli, who respectfully submits this sentencing memorandum for Defendant Rockie Samuel Chandler ("Defendant"). For the reasons set forth in the attached memorandum, the United States respectfully requests that the Court sentence Defendant to a Guidelines sentence.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: /s/ Danielle K. Angeli
Danielle K. Angeli (MI: P81362)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3875
(216) 522-8354 (facsimile)
Danielle.Angeli@usdoj.gov

**I. Factual and Procedural Background**

On June 27, 2018, the Cleveland Police Department responded to a parking lot in Cleveland, Ohio, to investigate a noise complaint. Upon arrival, officers saw a black Pontiac Grand Prix. The car had stopped in between two sections of parked vehicles but the engine was still running. Officers also saw Defendant leaning on the car's front passenger side, holding a rolled-up clothing bundle. When Defendant saw the officers pull into the parking lot, he quickly reached through the passenger window and placed the clothing bundle in the car. As officers drove closer, Defendant repeatedly told the driver to "pull off." The car drove through the parking lot, away from Defendant, and officers heard Defendant tell the car to "hurry up and park." The car pulled into a parking space, and officers parked alongside it. One officer approached the front passenger side of the car. In plain view, he saw the black handle of a firearm and part of the magazine sticking out of a rolled up pair of jean shorts on the front passenger floor. Defendant knew that the clothing he placed into the passenger side of the car concealed a Glock .40 caliber pistol loaded with 8 rounds of ammunition. (R. 10: Presentence Investigation Report "PSR", ¶¶ 4-5, PageID 42-43). Officers arrested Defendant, and performed an inventory search of his car. Inside the car, officers found a bag of heroin. (*Id.* ¶ 5, PageID 43). Relatedly, Defendant has a prior conviction for Robbery, on or about February 27, 2014, in Case Number CR-13-579294, and Drug Trafficking, on or about April 4, 2016, in Case Number CR-16-603257, both in the Cuyahoga County Court of Common Pleas. (*Id.* ¶ 2, PageID 42). As such, Defendant is a prohibited person and is not permitted to possess a firearm. (*Id.* ¶ 5, PageID 43).

On August 15, 2018, a federal grand jury returned a one-count Indictment, charging Defendant with being a felon in possession of a firearm and ammunition, in violation of 18

U.S.C. § 922(g)(1). (*Id.* ¶ 1, PageID 42). On October 16, 2018, Defendant pled guilty to the Indictment with a plea agreement. The plea agreement includes a stipulated Guidelines calculation, which places Defendant's total offense level at 24. If Defendant's conduct continues to show acceptance of responsibility, the United States will move for a three-level reduction under U.S.S.G. § 3E1.1(a). Thus, if the Court determines that such a reduction is appropriate, Defendant's total offense level will be 21. (*Id.* ¶ 3, PageID 42). The PSR includes the same Guidelines calculation. (*Id.* ¶¶ 15, 19, 58, PageID 44, PageID 51). It also correctly calculates Defendant's total criminal history points as 4, which corresponds to a Criminal History Category III. (*Id.* ¶¶ 35-36, PageID 47). Thus, if the Court grants a three-level reduction for acceptance of responsibility, Defendant's advisory Guidelines range is 46-57 months. (*Id.* ¶ 57, PageID 51).

## II. Sentencing Factors

Considering the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, a Guidelines sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, to provide a just punishment for the offense, and to afford adequate deterrence. During the instant offense, Defendant attempted to conceal the firearm from the responding officers, including instructing the driver to pull away and to quickly park the car, and trying to hide the loaded firearm in a bundle of clothing. Additionally, Defendant possessed the firearm in connection with another felony, which makes this conduct more serious. As such, a Guidelines sentence is sufficient but not greater than necessary to account for the seriousness of the offense, to promote respect for the law, and to provide just punishment.

The United States further submits that such a sentence is appropriate in light of Defendant's history and characteristics. Although Defendant only qualifies as a Criminal

History Category III, he has a fairly lengthy record, particularly given his young age. In 2013, at the age of 19, Defendant was convicted of Robbery, in violation of Ohio Revised Code § 2911.02(A)(2). (*Id.* ¶ 22, PageID 44). During the offense, Defendant recklessly used or threatened the immediate use of force against the victim. (*Id.* ¶ 22, PageID 45). Defendant was sentenced to two years of probation, and twice violated his probation conditions, resulting in continued probation each time. (*Id.*). Although this crime does not qualify federally as a crime of violence, it demonstrates Defendant's previous use or threatened use of force. This conviction, however, only scores one criminal history point. Additionally, in 2016, Defendant was convicted for trafficking fentanyl, in violation of Ohio Revised Code § 2925.03(A)(2). Again, this conviction scores one criminal history point. Although Defendant received a sentence of one and a half years of probation, fentanyl is a particularly dangerous controlled substance. Defendant also has several misdemeanor convictions, including two for attempted drug possession. (*See id.* ¶¶ 26, 27, PageID 45-46). Relatedly, Defendant is only 24 years old. (*Id.*, PageID 41). Given Defendant's young age and low-scoring criminal history despite two felony convictions—one involving violence or threatened violence and one involving a particularly dangerous controlled substance—a Guidelines sentence is sufficient but not greater than necessary to account for Defendant's history and characteristics.

Likewise, such a sentence will afford adequate deterrence to criminal conduct, both for Defendant and others, and will best protect the public from future crimes. Defendant has never served a significant prison sentence and continues to violate the law. Indeed, Defendant has had several criminal convictions, occurring every year from 2013 until 2018. (*See id.* ¶ 22-34, PageID 44-47). Thus, a Guidelines sentence is appropriate to deter Defendant from engaging in

4

similar behavior in the future. This sentence would also inform the community that prohibited persons who possess or use firearms will be punished.

For these reasons, and for those to be articulated at the sentencing hearing, the United States requests that the Court impose a Guidelines sentence.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

        /s/ Danielle K. Angeli
        Danielle K. Angeli (MI: P81362)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3875
        (216) 522-8355 (facsimile)
        Danielle.Angeli@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 22nd day of January 2019 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                /s/ Danielle K. Angeli
                                                Danielle K. Angeli
                                                Assistant U.S. Attorney